BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LONNIE EARL PARLOR,<br><br>Defendant. | Case No. 18-203-S-BLW<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney, hereby submits this Sentencing Memorandum, as well as the government's sentencing recommendation of 120 months' imprisonment.

## BACKGROUND

On April 24, 2018, Lonnie Parlor sold two firearms—a Winchester, Model 1300 Defender, 12 gauge shotgun and a Bushmaster, Model XM15-E2S, 5.56 NATO rifle—to an

undercover federal officer in Meridian.  The Defendant, a convicted felon several times over and current parolee, was prohibited from possessing any firearm and indicted for that crime on July 11, 2018.  ECF 1.  The next day, July 12, agents with the Bureau of Alcohol, Tobacco, and Firearms (ATF) arrested the Defendant in the parking lot of the Idaho Department of Corrections (IDOC) Probation and Parole office in Eagle.  Parlor had a previously scheduled appointment with his parole officer.  At the time of his arrest, IDOC probation officers, along with ATF, conducted a search of Parlor's car, his residence, and his storage unit.  IDOC parole officers requested the assistance of ATF to determine any further violations of Parlor's parole conditions.  During their search they found more firearms and controlled substances.  Hidden in a bed in one of the bedrooms, officers found marijuana and a .22 caliber handgun with ammunition.  ECF 53, ¶ 8.  In his garage, officers found a money-counting machine, digital scales (one of which had a white powdery substance on it that field tested positive for cocaine), a 100-gram weight, .25 caliber shells, and plastic baggies.  In his storage unit, officers found an assault rifle and another handgun, which was stolen during a 2018 burglary.

      Parlor pleaded guilty to one count of possessing the two firearms he sold to undercover agents on April 24 under 18 U.S.C. § 922(g)(1).  Applying the 2018 Guidelines, the Probation Office calculated a base offense level of 24 because the Defendant had at least two prior convictions for crime of violence and controlled substance offenses.  PSR, ECF 53, ¶ 14; U.S.S.G. § 2K2.1(a)(2).  The Probation Office also applied two-level enhancements because the offense involved five firearms and a stolen firearm.  PSR, ECF 53, ¶¶ 15, 16; U.S.S.G. § 2K2.1(b)(1)(A), (b)(4)(A).  Finally, the Probation Office applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because the Defendant possessed firearms in

GOVERNMENT'S SENTENCING MEMORANDUM—2

connection with another felony, drug trafficking. PSR, ECF 53, ¶ 17. The defendant objected to the consideration of the contraband discovered in his residence and storage unit as relevant conduct, which he argues should be suppressed. He further objected to the application of the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). *See* ECF 52.

## U.S. SENTENCING GUIDELINES

I.  **The contraband discovered in Parlor's residence and storage unit is relevant conduct under U.S.S.G. § 1B1.3 and, therefore, properly considered during sentencing.**

The Sentencing Guidelines require the use of all relevant conduct, including evidence suppressed at trial, for purposes of calculating the offense level under U.S.S.G. § 1B1.3. *See United States v. Kim*, 25 F.3d 1426, 1432–34 (9th Cir. 1994). An exception to this rule has been applied, however, when a defendant can "demonstrate that officers obtained the challenged evidence for the specific purpose of ensuring a sentencing enhancement." *See United States v. Webb*, 232 F.3d 899, 899 (9th Cir. 2000) (citing *Kim*, 25 F.3d at 1435). When such a showing is made, suppressed evidence cannot be used during sentencing. *Kim*, 25 F.3d at 1435. Here, the Defendant faces two insurmountable hurdles to invocation of this exception. First, law enforcement's search and recovery of the contraband in the Defendant's residence and storage unit complied with the Constitution and, therefore, could not be suppressed. Second, the Defendant cannot demonstrate that these searches were done with the specific purpose of ensuring a sentencing enhancement.

The Fourth Amendment prohibits "unreasonable searches and seizures" so the ultimate touchstone of the Fourth Amendment is reasonableness. "Reasonableness" is evaluated by examining "the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33,

39 (1996).  The question is:  Does the defendant have a reasonable expectation of privacy in the searched item or place?  Here, the answer is no.

Parlor was a parolee subject to heightened search conditions.  *See United States v. Valentino Johnson*, 875 F.3d 1265, 1273 & n.4 (9th Cir. 2017).  Given the search conditions applicable to Parlor, a parolee, he had no reasonable expectation of privacy in the contraband found in his residence and storage unit.  *See Samson v. California*, 547 U.S. 843, 850 (2006) (explaining that "parole is more akin to imprisonment" than probation, and that "parole is an established variation on imprisonment of convicted criminals").

Comparatively, the government's interest in ensuring compliance with the terms of parole is very high.  Independent of that interest, the government also has a legitimate interest in uncovering criminal activity while an individual is on parole, such as illegal possession of firearms and controlled substances, and ensuring a parolee successfully completes supervision.  *See Valentino Johnson*, 875 F.3d at 1275 (recognizing both as weighty governmental interests).  Ninth Circuit precedent forecloses Parlor's suppression argument.

Nor can the Defendant show that law enforcement officers "obtained the challenged evidence for the specific purpose of ensuring a sentencing enhancement."  *Webb*, 232 F.3d at 899.  In his objection, the Defendant recognizes that the IDOC parole officers requested the assistance of federal agents to uncover further parole violations.  *See* ECF 52, at 2.  He points to nothing in the record that supports his claim that this proper parole search was a ruse for garnering additional evidence to enhance the Defendant's sentence.  *See id.* at 2–4.  In fact, his objection makes clear that the IDOC parole searches were to uncover additional violations, which is a wholly proper function of the IDOC Probation and Parole Office.

GOVERNMENT'S SENTENCING MEMORANDUM—4

Accordingly, this Court should consider the contraband discovered in the Defendant's residence and storage unit as relevant conduct under the Sentencing Guidelines.

## II. Four-Level Enhancement Under U.S.S.G. § 2K2.1(b)(6)

The four-level enhancement for possession of a firearm in connection with another felony offense is applicable: the Defendant had firearms stashed in his residence alongside controlled substances and ammunition. Additionally, law enforcement found indicia of drug trafficking in the same residence where the controlled substances and firearm were found.

Under § 2K2.1(b)(6)(B), the offense level for any person convicted of unlawfully possessing a firearm is increased by four levels where the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) (U.S. Sentencing Comm'n 2018). "Another felony offense" means "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C).

Application Note 14(A) states that the enhancement applies if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. § 2K2.1 cmt. n.14(A). When, as here, firearms are found in "close proximity" to controlled substances or drug paraphernalia, then the Commentary instructs the firearm had the potential of facilitating the drug trafficking offense. U.S.S.G. § 2K2.1 cmt. n.14(B). It is undisputed that the Defendant's handgun was found in close proximity to the controlled substances found in his residence. In fact, both were discovered

hidden in the same bed.  The enhancement, therefore, was properly applied. *See United States v. Chadwell*, 798 F.3d 910, 916–17 (9th Cir. 2015).

## STATUTORY SENTENCING FACTORS

In light of the applicable statutory factors, the government seeks a sentence of 120 months' imprisonment—the statutory maximum sentence.  First, the nature of the current offense and the Defendant's history establish his longstanding violent nature.  In addition to having prior criminal convictions for drug trafficking convictions, the Defendant has a concerning history of violence:  he has two assault convictions and an aggravated battery conviction.  PSR, ECF 53, ¶¶ 33, 38, 48.  The Defendant's violent criminal history spanning twenty-three years makes clear that he poses a serious threat to the community.  Age has not dissipated this danger. What is more, the Defendant was on parole when he committed the present offense, which proves the Defendant shows no sign of appreciating the impact of his criminal activity on the community.  *See United States v. Orlando*, 553 F.3d 1235, 1238 (9th Cir. 2009).  Faced with this reality and under a totality of circumstances, a 120-month sentence is necessary to promote respect for the law, adequately deter criminal conduct, and, most importantly, protect the community.

Respectfully submitted this 12th day of November, 2019.

BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM—6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2019, the foregoing **SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Craig Atkinson<br>1087 W. River Street, Suite 290<br>Boise, Idaho 83702<br>(208) 991-8553<br>craig@craigatkinsonlaw.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |

                                  /s/ *Katherine L. Horwitz*
                                KATHERINE L. HORWITZ
                                Assistant United States Attorney