RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, WASHINGTON STATE BAR NO. 44452**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST., SUITE 500
BOISE, ID  83702
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-1413
Email:  Bill.Humphries@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>     vs.<br><br>LONNIE EARL PARLOR JR.,<br><br>            Defendant. | Case No.  1:18-cr-00203-BLW<br><br>**GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT** |

The United States of America, by and through Rafael M. Gonzalez, Jr., Acting United States Attorney, and the undersigned Assistant United States Attorney, pursuant to 18 U.S.C. §§ 3613(a), 3613(c), and 3664(n), requests this Court enter an order authorizing the Bureau of Prisons ("BOP") to deliver to the Clerk of the Court funds held in the inmate trust account for the above-named defendant as payment towards the criminal monetary penalties imposed in this case.  In support of this motion, Plaintiff states the following:

1. The defendant, Lonnie Earl Parlor Jr., was found guilty (based on pleading guilty) of Unlawful Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 58.

GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT – 1

2. On November 19, 2019, this Court sentenced the defendant to a total of 120 months imprisonment, three years of supervised release, a $100.00 special assessment fee, and a fine of $1,000.00.  ECF No. 58.

3. The defendant has paid $100.00 toward the special assessment fee, leaving a balance of $0.00.  To date, defendant has paid $0.00 towards the fine, leaving a balance as of July 7, 2021, of $1,000.00.  Thus, the total balance of monetary penalties due is $1,000.00.

4. The defendant remains in custody at Lompoc USP.  He is currently scheduled to be released from federal custody on January 18, 2027.

5. The U.S. Attorney's Office was recently informed that the defendant currently maintains substantial funds in his inmate trust account maintained by BOP.[1]  In accordance with its regulations,  BOP deposited these funds into the defendant's trust account, and it currently maintains in its custody approximately $709.50 belonging to the defendant.  By this motion, Plaintiff seeks entry of an order authorizing BOP to turn over funds to the Clerk of the Court as payment towards the defendant's outstanding criminal monetary penalties.

6. Title 18, United States Code, Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including criminal fines. *See* 18 U.S.C. § 3613(a).  In particular, the statute provides that a sentence imposing restitution or a fine constitutes a lien in favor of the government against all of the defendant's property and rights to property. 18 U.S.C. § 3613(c); s*ee also* 18 U.S.C. §§ 3613(a) and (f) (government enforces

---

[1] The purpose of inmate trust account or commissary account is to allow BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11.  Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.*  Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

restitution against all property and rights to property of the defendant). Thus, the United States' lien attaches to the defendant's interest in funds held by BOP in his inmate trust account.

7. In addition, the Mandatory Victims Restitution Act requires that the defendant's resources received from any source during his term of incarceration must be applied to his outstanding fine obligation. Specifically, 18 U.S.C. § 3664(n) states:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n). *See also United States v. Cunningham, et al.,* 866 F. Supp.2d 1050, 1061-62 (S.D. Iowa 2012) (entire amount of defendant's disability retirement payments could be garnished while defendant was incarcerated as necessary and appropriate to effectuate § 3664(n) and the fine order).

8. An order authorizing the transfer of the defendant's property is appropriate here, and the United States is not required to rely upon other formal collection remedies, such as garnishment of or execution upon property, to obtain these funds. The funds at issue are currently in the United States' possession, and it has a valid lien over this property.

9. Because the property is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). For criminal debts such as restitution and fines, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected

GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT – 3

disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. §3613(a)(l). Accordingly, the defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of his fine.[2]

10. The United States has served the defendant with a copy of this motion. The United States is not aware of any other party who may claim interest in this property.

11. The United States submits that the requested relief is reasonable and appropriate. In this instance, the defendant has accumulated significant funds in his inmate trust account and he has only applied $100.00 since November 19, 2019 towards his monetary obligation. Without the requested relief, the defendant has access to these funds, and he would have the opportunity to possibly dissipate, conceal, or transfer the funds without first paying his monetary obligation to the Court.

12. The defendant is scheduled to remain incarcerated until 2027. He was convicted of a serious offense and ordered to pay a special assessment and fine. Without this order, the Plaintiff may expend additional resources to collect a special assessment and the fine although the defendant could pay in full at this time with the balance in his inmate trust account. Accordingly, the United States requests that the Court grant this motion, and order BOP to turn over all funds not to exceed $1,000.00 from the defendant's inmate trust account to the Clerk of the Court to fully satisfy the monetary obligation.

WHEREFORE, for the reasons explained above, the United States requests that the Court grant its motion.

---

[2] By statute, challenges to a garnishment of the defendant's property are limited to: (1) the probable validity of any claim of exemption and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted). 28 U.S.C. § 3202(d); *United States* v. *Lazzari*, 2014 WL 197739 (M.D. Fla. January 15, 2014).

Respectfully submitted this 7th day of July, 2021.

        RAFAEL M. GONZALEZ, JR.
        ACTING UNITED STATES ATTORNEY
        By

        /s/_____
        WILLIAM M. HUMPHRIES
        Assistant United States Attorney

GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT – 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2021, the foregoing **GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

L. Craig Atkinson
craig@craigatkinsonlaw.com

And, I hereby certify that the following listed non-registered CM/ECF participants were served by U.S. Mail, postage prepaid:

Lonnie Earl Parlor Jr. #19577-023
USP Lompoc
U.S. Penitentiary
3901 Klein Blvd.
Lompoc, CA  93436
*Defendant*

/s/_____
Chelsie Black
Financial Litigation Contractor