UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LONNIE EARL PARLOR JR.,<br><br>    Defendant. | Case No. 1:18-cr-00203-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 78). In response, Defendant filed a Motion to Release Funds (Dkt. 79), which the Court will construe as a response in opposition to the Government's motion.  For the Reasons that follow, the Court will grant the Government's motion and deny Defendant's motion.

## BACKGROUND

Lonnie Earl Parlor Jr. plead guilty to Unlawful Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1). On November 19, 2019 he was sentenced to 120 months imprisonment followed by three years of supervised release, a $100.00 special assessment fee, and a fine of $1,000.00. Mr. Parlor is in the custody of the Bureau of Prisons and is currently housed at Lompoc USP with an expected release date of January 18, 2027.

ORDER AUTHORIZING PAYMENT FROM INMATE TRUST ACCOUNT – 1

To date, Mr. Parlor has paid $100.00 toward his special assessment fee, and nothing toward the fine, leaving a balance of $1,000.000.

The Government represents that it was informed that Parlor has approximately $709.50 in his inmate trust account maintained by the BOP. The Government asks the Court, pursuant to 18 U.S.C. §§ 3613(a), 3613(c) and 2664(n), to enter an order authorizing the BOP to turn over to the Clerk of the Court the funds held by BOP in Parlor's inmate trust account as payment for the unpaid criminal monetary obligations imposed in this case.

Mr. Parlor filed a motion seeking release of his funds. He asserts that he has followed the payment schedule set forth by the Court at his sentencing and asks the Court to allow him to continue submitting nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons Inmate Financial Responsibility Program.

## ANALYSIS

Procedures and remedies for enforcing criminal monetary penalties and restitution are set out in 18 U.S.C. §§ 3613, 3664. Section 3613 provides, in relevant part, that a fine or an order of restitution is to be treated as a "lien in favor of the United States on all property and rights to property of the person fined," or against whom an order of restitution is issued, with some specified exceptions.

ORDER AUTHORIZING PAYMENT FROM INMATE TRUST ACCOUNT – 2

18 U.S.C. § 3613(a), (c), (f). The specified exceptions do not apply to property in the form of cash. *See* 18 U.S.C. § 3613(a)(1)-(3).

Moreover, the Crime Victims' Rights Act (CVRA) provides that a crime victim has "[t]he right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). In addition, the Mandatory Victims' Restitution Act (MVRA) requires: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

Some courts have recognized that the Government may pursue immediate or adjusted enforcement of criminal monetary sanctions as long as the judgment contains no language to the contrary. *See United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004); *United States v. Webb*, 2014 WL 4371276, at *1 (D. Ariz. Sept. 4, 2014); *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *United States v. Clayton*, 646 F. Supp. 2d 827, 836 (5th Cir. 2009); *see also United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) ("Participation in the IFRP and compliance with a payment schedule does not preclude[ ] the Government from using other available collection mechanisms to seek payment of monetary penalties"). *But see United States v. Armstrong*, No. 09-CR-135 (BAH), 2020 WL 136289, at *6 (D.D.C. Jan. 13, 2020) (declining to compel restitution payment

ORDER AUTHORIZING PAYMENT FROM INMATE TRUST ACCOUNT – 3

from an inmate's trust account, when the restitution order "limits payments to $50 per quarter during the defendant's term of incarceration").

Here, the Judgment against Parlor does not contain any statement precluding the immediate or adjusted enforcement of the fine assessment, nor is it worded in terms of limiting the amount of payment due. *See* Dkt. 58. To the contrary, the Judgment states that while in custody, Parlor "shall submit nominal payments of *not less than* $25 per quarter." *Id.* (emphasis added).

As discussed above, Parlor has a balance of $1,000.00 owing on the fine imposed. He currently has funds in the amount of approximately $709.50 in his inmate trust account maintained by the BOP. The Court will therefore grant the Government's motion and require the BOP to deliver to the Clerk of the Court all funds in Parlor's inmate trust account in an amount not to exceed $1,000.00.

## ORDER

**IT IS ORDERED** that:

1. The Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 78) is **GRANTED**.

2. BOP shall deliver to the Clerk of the Court all funds not to exceed $1,000.00 from Defendant Lonnie Earl Parlor Jr.'s inmate trust account.

3. The Clerk of the Court shall apply these funds as payment towards the criminal monetary obligations owed by Defendant Lonnie Earl Parlor Jr. in this case.

4. The Defendant's Motion to Release Funds (Dkt. 79) is **DENIED**.

DATED: December 22, 2021

B. Lynn Winmill
U.S. District Court Judge