UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE PARLOR,<br><br>Defendant. | Case No. 1:18-cr-00203-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the court is Defendant Lonnnie Parlor's Motion for the Appointment of Counsel to assist him with his request for compassionate release. (Dkt. 91). For the reasons that follow, the Court will deny the motion.

# ANALYSIS

Mr. Parlor seeks the appointment of counsel to assist him with is request for compassionate release. There is no constitutional right to the assistance of counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Rather, the District Court has the discretion to appoint counsel. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 1**

Mr. Parlor is incarcerated and asserts that, as a layman, he requires the assistance of counsel in order to seek compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). Although the Court is sympathetic to the fact that incarcerated persons face certain added difficulties when representing themselves *pro se*, these circumstances do not warrant the appointment of counsel. Mr. Parlor has not asserted or provided the sort of exceptional circumstances that must be present before the Court will exercise its discretion to appoint counsel.

Mr. Parlor's Motion for Compassionate Release, (Dkt. 90), is articulate and replete with citation to relevant caselaw surrounding motions for compassionate release. The adequacy of the Motion itself also gives independent reason to deny his request for counsel. Furthermore, there is no statute of limitations, nor is there a limit on the number of requests an inmate can make under 18 U.S.C. 3582. Thus, it is rare that there exist circumstances necessitating the appointment of counsel to request compassionate release.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Appointment of Counsel (Dkt. 91) is **DENIED**.

DATED: May 16, 2022

B. Lynn Winmill
U.S. District Court Judge