UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE EARL PARLOR, Jr.,<br><br>Defendant. | Case No. 1:18-cr-203-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Lonnie Earl Parlor, Jr.'s Motion for Compassionate Release. Dkt. 90. The Government opposes the Motion. Dkt. 97. Also before the Court is his Motion to File Out of Time Reply submitted with his Reply. Dkts. 99; 99-1. After considering the briefing and record, the Court will grant the Motion to File Out of Time Reply and deem his Reply timely filed. It will deny the Motion for Compassionate Release.

# BACKGROUND

Mr. Parlor was indicted and pled guilty without a plea agreement of

MEMORANDUM DECISION AND ORDER - 1

unlawful possession of two firearms following a prior conviction of aggravated battery. Dkts. 1 and 35. On November 20, 2019, he was sentenced to a term of imprisonment of 120 months to be followed by three years of supervised release. Dkt. 58. His subsequent appeal of three sentencing enhancements was unsuccessful as were his appeal, petition for rehearing en banc, and his petition to the U.S. Supreme Court for a writ of certiorari. Dkts. 76. 82, and 88. He is currently housed at USP Lompoc with a projected release date of January 18, 2027.

In his Motion, Mr. Parlor specifically seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) essentially on the grounds that he is great risk of contracting COVID and becoming quite ill because of his various health issues and crowded prison conditions. The Government objects on the grounds that he has not exhausted his administrative remedies to pursue the requested relief and, alternatively, that he has not made the requisite showing of exceptional and compelling reasons.

## LEGAL STANDARD

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). If the exhaustion requirement is met, the court may grant compassionate release only if the defendant shows that "extraordinary and

compelling reasons" for a reduction exist *and* the court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh against such release. *Id*. See *United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021) (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

The stated relief Mr. Parlor requests is to reduce his sentence to time served and to require him to serve his remaining sentence in home confinement under "the strict supervision of his probation officer." Dkt. 90. The Government asserts that there is no record within the BOP database that Mr. Parlor ever requested compassionate release from the Warden and that his Motion should be dismissed for failure to exhaust his administrative remedies. Dkt. 97-1. Alternatively, the Government urges that Parlor's Motion be dismissed on the merits.

The Court notes that Mr. Parlor submitted a copy of a request he sent to the Warden to support his claim of exhaustion. Dkt. 90-1, Ex. 2. He requested

**MEMORANDUM DECISION AND ORDER - 3**

"immediate transfer to home confinement under the CARES ACT due to the Covid-19 situation here at USP Lompoc. . . ." *Id*.

In reviewing Mr. Parlor's Motion together with his supporting exhibit, the Court detects some confusion on his part and his apparent belief that he had exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A), the statute under which compassionate release is considered. His Motion is ambiguous because he seeks both a reduction in sentence under that statute and release to home confinement under the CARES Act. But his request to the Warden for release to home confinement under the CARES Act is decidedly unambiguous and would not be recognized as a request for release under § 3582(c)(1)(A).

### 1. CARES Act

The 2020 CARES Act, Pub.L.No., 116-136, § 12003(b)(2), 134 Stat. 281, 516 (March 27, 2020), authorizes the Bureau of Prisons to place prisoners in home confinement earlier than provided in 18 U.S.C. § 3624(c)(2) if the Attorney General finds an emergency exists. In April of 2020, the Attorney General directed the Bureau of Prisons to utilize this provision "to protect vulnerable inmates and prevent or control the spread of [COVID-19]." *United States v. Herrera, Sr.*, No. CR 02-531-RSWL-1, 2022 WL 1488033, at *2-3 (C.D. Cal. May 9, 2022) (citations omitted). However, Mr. Parlor cannot seek relief from the Court under

**MEMORANDUM DECISION AND ORDER - 4**

the CARES Act.

The Bureau of Prisons' designation of a place of imprisonment is not subject to judicial review. *See* 18 U.S.C. § 3621(b). Furthermore, 18 U.S.C. § 3642(c)(4) provides that nothing in 18 U.S.C. § 3624(c) limits or restricts the Bureau of Prisons' authority under 18 U.S.C. § 3621(b). *See Herrera*, 2022 WL 1488033 at *3. *See also United States v. Lastovskiy*, No. 2:12-cr-00322-JAM, 2021 WL 4777132, at *1 (E.D.Cal. Oct. 13, 2021) (finding no judicial authority to order an inmate to be placed on home confinement and noting lack of caselaw holding otherwise) (citations omitted).

Given that the Bureau of Prisons has non-reviewable authority on placement and home detention decisions, the Court cannot grant relief under the CARES Act. Mr. Parlor's request to the Warden specifically requesting home confinement under that statute is irrelevant to his current Motion.

### 2. Compassionate Relief

There are some statutory prerequisites to a court's consideration of a compassionate release motion. As relevant here, an inmate must request that the BOP make such a motion on his behalf and either (1) the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf, or (2) 30 days have elapsed since the 'warden of

**MEMORANDUM DECISION AND ORDER - 5**

the [inmate]'s facility' received a compassionate-release request from the inmate." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). When the government raises the statutory administrative exhaustion requirement, a court must enforce it. *Id*. at 1280. It cannot excuse a defendant's failure to meet the requirement when the government timely objects. *Id*. at 1282.

Here, Mr. Parlor has not presented evidence that he exhausted his administrative remedies with respect to seeking compassionate release. The Government has timely objected to his Motion on exhaustion grounds. It presented with its Response a copy of an email from an attorney at BOP's FDC SeaTac Consolidated Legal Center stating that there was no compassionate release request within the BOP database for Mr. Parlor. *Response* at 8-9; Ex. 1 (Dkt. 97-1). Mr. Parlor did not submit additional evidence to rebut that assertion in his Reply.

Given that Mr. Parlor's request to the Warden was based exclusively on the CARES Act, he has failed in meeting his burden to exhaust as required by 18 U.S.C. § 3582(c)(1)(A). If Mr. Parlor so chooses, he may properly request compassionate release from his Warden, exhaust his administrative remedies with the BOP, and then file a new motion for compassionate release for the Court's consideration. *See Keller*, 2 F.4th at 1824.

**MEMORANDUM DECISION AND ORDER - 6**

## ORDER

**IT IS ORDERED that:**

1. The Motion for Leave to File Out of Time Reply (Dkt. 99) is **GRANTED.**

2. Lonnie Earl Parlor, Jr.'s Motion for Compassionate Release (Dkt. 90) is **DENIED WITHOUT PREJUDICE**.

DATED: August 10, 2022

_____
B. Lynn Winmill
U.S. District Court Judge