UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE EARL PARLOR, Jr.,<br><br>Defendant. | Case No. 1:18-cr-203-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Lonnie Earl Parlor, Jr.'s Motion for Reconsideration for Sentence Modification and Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). Dkt. 103. The Government opposes the Motion, and Parlor has filed a reply. Dkts. 106, 111. Also before the Court is Parlor's Motion for Leave to File Out of Time Reply, which the Court construes as a motion to extend time to file Parlor's Motion for Reconsideration. *See* Dkt. 102 at 1 ("the Defendant . . . move this court for Leave to File Out of Time Reply to Court's ORDER denying his Motion for Sentence Modification . . . ."). The Court will deny the Motion to File Out of Time Reply but deem his Motion for Reconsideration timely filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  It will deny the Motion for

Reconsideration.

## BACKGROUND

Parlor entered a guilty plea to a single count of unlawful possession of a firearm in February 2019. That November, he was sentenced to a 120-month term of imprisonment to be followed by three years of supervised release. Following an unsuccessful direct appeal and a denied petition for a writ of certiorari, Parlor filed an Emergency Motion for Modification of Sentence and Compassionate Release. Dkt. 90. This Court denied the motion without prejudice on August 10, 2022, concluding that (1) the Bureau of Prisons had non-reviewable authority regarding whether an inmate should be placed on home confinement pursuant to the 2020 CARES Act, Pub. L. No. 116-136 § 12003(b)(2), 134 Stat. 281, 516 (March 27, 2020), and (2) Parlor had failed to exhaust his administrative remedies with respect to his compassionate release request pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 101. On or about September 12, 2022, Parlor filed his Motion for Reconsideration regarding that order. Dkt. 103. His Motion for Leave to File Out of Time Reply, filed on the same day, does not request additional time to file a reply; rather, it requests that any untimeliness in Parlor's Motion for Reconsideration be excused. *See* Dkt. 102.

**LEGAL STANDARD**

Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure may be applied to a motion for reconsideration of an order denying a motion for compassionate release. *United States v. Hernandez*, 2022 WL 4386652, *1 (D. Idaho Sept. 22, 2022); *see Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (motions to reconsider may be brought in district court under Rule 59(e) or 60(b)). The standards for reconsideration under those rules are "substantially similar." *Hernandez* at *1 (citation omitted). While a motion under Rule 59(e) must be filed within 28 days of the entry of judgment, a motion under Rule 60(b) enjoys a filing period of one year. Courts are not free to extend the time to file a motion pursuant to either rule. Fed. R. Civ. P. 6(b)(2) (2022). Therefore, the Court must deny Parlor's Motion for Leave to File Out of Time Reply and will construe his Motion for Reconsideration as a timely motion governed by Rule 60(b).

A court may grant relief from a final judgment or order under Rule 60(b) on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based
   on an earlier judgment that has been reversed or vacated; or
   applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2022).

## ANALYSIS

Parlor argues that the Court's denial of his Motion for Sentence

Modification and Compassionate Release, based on the determination that Parlor

had failed to exhaust his administrative remedies, constituted "legal error." Dkt.

103 at 1. The Court reads this argument as invoking the first ground for relief

provided by Rule 60(b). *See* Fed. R. Civ. P. 60(b)(1). Parlor argues that no

administrative remedies were available to him and that the exhaustion requirement

should be excused in this case, citing *Torres v. Milusnic*, 472 F. Supp. 3d 713

(C.D. Cal. 2020), a class action brought by prisoners who were being housed at

Parlor's place of confinement. Dkt. 103 at 2. In *Torres*, the petitioners were

excused from exhausting their administrative remedies because the district court

found that those remedies were not available. 472 F. Supp. at 743.

The Court is unpersuaded.  The district court's decision to excuse the *Torres*

petitioners from exhausting their administrative remedies was based on evidence

that, on or about April 13, 2020, a Lompoc administrator instructed prisoners not

to submit requests for compassionate release because the prison was not accepting them at that time. *Id.* at 739, 743. One of the petitioners did submit a request for compassionate release but had not received a response by the time of the petition's filing. *Id.* The district court also noted similar decisions to excuse petitioners of the exhaustion requirement where the petitioners showed they had attempted to submit requests for compassionate release to the BOP. *Id.* at 743.

No such evidence has been presented in this case. Parlor filed his Motion for Compassionate Release nearly two years after the events underlying the *Torres* decision. While Parlor submitted at least one request to the BOP requesting home confinement pursuant to the CARES Act, the BOP's records indicate that Parlor never submitted a request for compassionate release pursuant to § 3582. Dkts. 90-1, 97-1. Parlor does not assert that he submitted or even attempted to submit a request for compassionate release under § 3582 to the BOP. Dkt. 103. As the Government argues, nothing is preventing Parlor from doing so now.

## ORDER

**IT IS ORDERED that:**

1.      Defendant's Motion For Leave To File Out Of Time Reply (Dkt. 102) is **DENIED**.

2.      Defendant's Motion For Reconsideration For Sentence Modification

And Compassionate Release Under 18 U.S.C. § 3582(C)(1)(A) (Dkt. 103) is

**DENIED**.


DATED: October 20, 2023

B. Lynn Winmill
U.S. District Court Judge