UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LONNIE EARL PARLOR, Jr.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 1:22-cv-00434-BLW<br>Criminal Case No. 1:18-cr-00203-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Lonnie Earl Parlor, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1, Crim. Dkt. 105. The Government has filed a response and Parlor has filed a reply.  Civ. Dkts. 8, 10. Also before the Court is Parlor's unopposed Motion to File Out of Time Reply to Government's Response to Petitioner's § 2255 Motion. Civ. Dkt. 9. Because Parlor has shown good cause to extend the time to file his reply, the Court will grant the latter Motion and consider his reply to be timely filed. The Court will deny his § 2255 Motion for the reasons stated below.

## BACKGROUND

Parlor's Motion concerns facts surrounding his arrest, the proceedings in this

Court, and his direct appeal.

### 1.  Offense Conduct and Inception of Case

Parlor was indicted in July 2018 on a single count of unlawful possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). Crim. Dkt. 1. The charge arose from a controlled firearms purchase conducted by an undercover federal agent with the assistance of a confidential informant. *PSR*, Crim. Dkt. 53, at 3. The agent and the CI purchased a shotgun and a rifle from Parlor for $400. *Id.*; Crim. Dkt. 1 at 2. The CI had previously told agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives that he or she had given Parlor a firearm in exchange for controlled substances in the past. *PSR*, Crim. Dkt. 53, at 3.

The day after Parlor was indicted, federal agents arrested him during a visit with his parole officer. *Id.* at 4. He was on parole for Ada County, Idaho convictions for delivery of a controlled substance and aggravated battery. *Id.* at 10, 11. Agents searched Parlor's vehicle, home, and storage unit that day. *Id.* at 4. They found three more firearms for which Parlor was never charged, including a handgun which had been reported stolen. *Id.* One of the firearms was found in Parlor's home in the same room as 21.63 grams of marijuana, $5,000 in cash, plastic baggies, and two digital scales. *Id.* at 4. Agents found additional plastic baggies in Parlor's vehicle. *Id.*

Parlor was arraigned on the same day. The Federal Defender was appointed to represent him. Crim. Dkt. 7. Parlor's counsel at the time exchanged discovery requests with the Government. *Atkinson Decl.*, Civ. Dkt. 8-1, at 2. The Government provided narrative reports, but not written statements or recordings, regarding the CI's interaction with Parlor. *Id.*

Parlor's first attorney, Robert Schwarz, successfully moved to withdraw later that month. *Order*, Crim. Dkt. 16. Four months later, Parlor's second attorney also successfully moved to withdraw. *Min. Entry*, Crim. Dkt. 27. L. Craig Atkinson was then appointed. Without a plea agreement, Parlor entered a guilty plea to the single count of unlawful possession of a firearm in February 2019. *Hrg. Tr.*, Crim. Dkt. 67. Sentencing was set for May 7, 2019.

## 2.  Sentencing

The sentencing hearing was reset three times at Atkinson's request. Atkinson's final motion to continue the sentencing was accompanied by a motion to withdraw as Parlor's counsel. *Mot.*, Crim. Dkt. 45. At the hearing on the latter motion, Atkinson explained that his relationship with Parlor and their ability to communicate had degraded. *Mot. Hrg. Tr.*, Crim. Dkt. 68, at 6. The Court noted that Atkinson was the third attorney who had been appointed to represent Parlor in the case. *Id.* at 3. It denied the motion to withdraw, finding that an irreconcilable

conflict was not evident and that Parlor would have to accept Atkinson's representation or represent himself, considering the approaching sentencing date and the fact that it had already been continued three times. *Id.* at 4, 12.

Atkinson, therefore, represented Parlor through the sentencing process. The probation officer who prepared the presentence investigation report calculated Parlor's base offense level to be 24.[1] U.S.S.G. § 2K2.1(a)(2); *PSR*, Crim. Dkt. 53, at 4. He recommended a three-level deduction to Parlor's offense level based on his acceptance of responsibility by virtue of pleading guilty. *See PSR*, Crim. Dkt. 53, at 5; U.S.S.G. § 3E1.1. He also recommended imposing three enhancements: a two-level enhancement for possessing five firearms, pursuant to United States Sentencing Guidelines § 2K2.1(b)(1)(A); a two-level enhancement for possessing a firearm that had been reported as stolen, pursuant to U.S.S.G. § 2K2.1(b)(4)(A); and a four-level enhancement for possessing firearms in connection with drug trafficking, another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6)(B). *Id.* Parlor's criminal history category was IV. With a base offense level of 24, enhancements totaling eight levels, and a three-level deduction, Parlor's final

---

[1] The PSR author cited the two felony convictions for which Parlor was on parole at the time in support of the base offense level of 24. *PSR*, Crim. Dkt. 53, at 4; U.S.S.G. § 2K2.1(a)(2). Parlor's criminal history included multiple felony convictions which could have alternatively supported that base offense level. *See PSR*, Crim. Dkt. 53, at 7–8.

offense level was 29. *Id.* A criminal history category of IV and an offense level of 29 yielded a Guidelines range of 121–151 months. *Id.* Because the maximum term permitted by 18 U.S.C. § 922(g)(1) was 120 months, the Guidelines range was reduced to that number. *Id.* at 15. Without the three enhancements, Parlor's Guidelines range would have been 57–71 months.

Atkinson filed objections to the application of all three sentencing enhancements. *Objs.*, Crim. Dkt. 52, at 1. He argued that the evidence recovered in the searches of Parlor's home and storage unit should be suppressed at sentencing. *Id.* at 6. His reasoning was that the ATF should have obtained a search warrant rather than relying on Parlor's status as a parolee. *Id.* at 5–6. He also argued that the PSR did not contain sufficient evidence to support the enhancements under U.S.S.G. § 2K2.1(b)(4)(A) and § 2K2.1(b)(6)(B). *Id.* at 8, 9. The probation officer who authored Parlor's PSR declined to remove the enhancements. Crim. Dkt. 53-1.

In his sentencing memorandum, Atkinson indicated that he intended to argue at the hearing "several" objections to the Guidelines calculations in the PSR. *Parlor's Sent. Mem.*, Crim. Dkt. 55, at 4. He also requested a variance from the Guidelines partly due to the fact that Parlor suffered from attention deficit hyperactivity disorder, bipolar disorder, post-traumatic stress disorder, antisocial personality disorder, and insomnia. *Id.* at 2, 4–5.

The U.S.S.G. § 2K2.1(b)(6)(B) enhancement was only based on the firearms' proximity to marijuana and drug paraphernalia. *PSR*, Crim. Dkt. 53, at 5; *Gov't's Sent. Mem.*, Crim. Dkt. 56, at 5–6.

At the sentencing hearing, Atkinson again objected to the application of the stolen-firearms enhancement under U.S.S.G. § 2K2.1(b)(4)(A). *Id.* at 21. He did not object to the application of the multiple-firearms enhancement under U.S.S.G. § 2K2.1(b)(1)(A). He recommended a term of 40 months, or 60 months in the alternative. *Sent. Tr.*, Crim. Dkt. 70, at 22:18–20. He reiterated his argument first advanced in his sentencing memorandum that Parlor suffered from mental illnesses. *Id.* at 21, 22. He also reiterated the suppression argument first advanced in his objections to the PSR. *Id.* at 18–20. He initially objected only to the PSR's legal conclusions at the sentencing hearing. *Id.* at 4:6-11. However, when the Court indicated that it might apply the four-level § 2K2.1(b)(6)(B) enhancement based on evidence contained in the PSR that Parlor's possession of the firearms facilitated a drug transaction, Atkinson changed his position and objected to the PSR's finding that the CI had given Parlor a firearm in exchange for drugs in the past. *Id.* at 10:3-11, 13:16-23.

As stated above, the Court indicated during the hearing that it was inclined to apply the four-level enhancement based on the CI's statements included in the

PSR which showed he or she had traded Parlor a firearm during a drug transaction. *Id.* at 10. It considered holding an evidentiary hearing in light of Atkinson's objections to the PSR's factual findings, but ultimately deemed it "completely unnecessary." *Id.* at 27:17-19. Atkinson's objection to the CI's statement was deemed untimely; thus, he would have been precluded from challenging the CI's statements at an evidentiary hearing. *Id.* at 27:20-24. The Court also indicated that if it were to hold an evidentiary hearing and the Government prevailed, then Parlor's three-point deduction for acceptance of responsibility under U.S.S.G. § 3E1.1 would no longer be appropriate. *Id.* 15:8-12.

The Court also rejected Atkinson's suppression argument, explaining that Parlor was subject to heightened search conditions as a result of being a parolee. *Id.* at 28. It further reasoned that the issue of whether the evidence was unlawfully obtained was immaterial because suppressible evidence may be considered by a district court at sentencing. *Id.* at 29. The Court adopted the PSR as its own findings and imposed a term of imprisonment of 120 months to be followed by three years of supervised release. *Id.* at 32, 36.

### 3.  Direct Appeal

Craig Durham was appointed to represent Parlor in his direct appeal in the United States Court of Appeals for the Ninth Circuit. He argued in his opening and

reply briefs for the application of the plain error standard to this Court's imposition of the three sentencing enhancements. *United States v. Parlor*, Appeal No. 19-30269, Dkt. 9 at 13, Dkt. 28 at 4.

The Court of Appeals affirmed Parlor's sentence. *Op.*, Crim. Dkt. 76. With respect to the U.S.S.G. § 2K2.1(b)(6)(B) enhancement, the panel determined that this Court did not abuse its discretion in finding that Parlor possessed a revolver in connection with drug trafficking because the revolver was found in close proximity to drug paraphernalia and 21.63 grams of marijuana. *Id.* at 5, 15. The panel concluded that sufficient evidence existed to support the application of the enhancement even if the CI's statements had not been considered. *Id.* at 15, 17. It also determined that this Court did not plainly err in applying the preponderance of the evidence standard to the facts at sentencing rather than the clear and convincing evidence standard, and that even if the Court had clearly erred in doing so, the error was not prejudicial because sufficient evidence existed to prove those facts at the higher standard. *Id.* at 19–20. The panel concluded that all three sentencing enhancements were correctly applied. *Id.* at 7.

The Supreme Court of the United States denied Parlor's petition for a writ of certiorari. Crim. Dkt. 88. The instant Motion followed.

## LEGAL STANDARD

Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir.1981).

A district court may dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.*

A response from the Government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). To obtain an evidentiary hearing, a defendant "must make specific factual allegations which, if

MEMORANDUM DECISION AND ORDER - 9

true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

Parlor's Motion rests upon three grounds: 1) that this Court erroneously applied three sentencing enhancements; 2) that the performance of Parlor's attorneys in the district court and on direct appeal was constitutionally deficient; and 3) that this Court abused its discretion at sentencing and denied Parlor the right to a fair and impartial hearing. Dkt. 1. This Court shall address Parlor's claims regarding the performance of his counsel first. Because the arguments presented in the first and third grounds were available to Parlor on direct appeal and were, for the most part, already heard by the Court of Appeals, those grounds shall be addressed together. Because the record conclusively shows that Parlor is not entitled to relief, the Motion shall be decided without a hearing.

### 1. Claims of Ineffective Assistance of Counsel

Parlor asserts numerous claims regarding the allegedly ineffective assistance of Atkinson and Durham.  Specifically, Parlor claims that Atkinson failed to: 1) exercise due diligence and challenge the CI's statements; 2) argue for the application of the clear and convincing evidence standard at sentencing; 3) request

a downward variance based on mental health illnesses; 4) object to factual findings in the PSR and other "misrepresentations of fact"; and 5) argue that Parlor's arraignment was delayed. With respect to appellate counsel, Parlor claims that Durham "failed to raise the ground that the district court failed to appoint adequate representation, including investigators, at defendant's direct appeal" and failed to argue for the application of the plain error standard.

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To establish a claim for ineffective assistance of counsel, a petitioner must prove that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. There is a strong presumption that counsel was within the range of reasonable assistance. *Id*. at 689. In order to establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Id*. at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

## A. Claims against Atkinson

The Court first turns to Parlor's claims against the attorney who represented him at sentencing.

### (1) Failure to investigate the evidence and challenge the CI's statements

Parlor raises a number of claims regarding Atkinson's approach to investigating the case and preparing for sentencing: that he (a) failed to exercise due diligence and failed to request recorded or written statements, or testimony, by the CI; (b) failed to object to the CI's statements as hearsay; and (c) failed to request an evidentiary hearing to challenge the CI's statements.  The Court will address each claim separately.

#### (a) Failure to exercise due diligence and request statements or testimony by the CI

Parlor claims that Atkinson did not exercise due diligence and did not request recorded statements, written statements, or testimony by the CI.  With respect to the exercise of due diligence, Parlor's first attorney exchanged discovery

requests with the Government at Parlor's initial appearance. *Atkinson Decl.*, Civ. Dkt. 8-1, at 2. The Government provided narrative reports regarding the CI's interaction with Parlor. *Id.* It did not provide written statements or recordings to that effect. *Id.* Once Atkinson was appointed to the case, he believed it was unnecessary to request additional discovery regarding the CI because Parlor was not charged for any conduct related to that person which did not also involve law enforcement officers. *See id.* Atkinson did not believe it was necessary to request those statements or recordings, if they existed, in preparation for sentencing because the "guns for drugs" theory was not advanced in support of the U.S.S.D. § 2K2.1(b)(6)(B) enhancement until this Court raised it at the hearing. *See id.* This is also why Atkinson did not request the CI's presence at the sentencing hearing. *Id.* He explained at the sentencing hearing that he did not anticipate that this Court would consider basing its application of § 2K2.1(b)(6)(B) on the CI's statement that Parlor had traded drugs for firearms. *Sent. Tr.*, Crim. Dkt. 70, at 14:18-25.

This Court need not decide whether Atkinson was constitutionally required to subpoena the CI to appear at the sentencing hearing because, to prevail on this claim of ineffective assistance of counsel, Parlor must establish both that Atkinson performed deficiently *and* that his conduct resulted in prejudice. *Strickland*, 466 U.S. at 687. Parlor cannot show prejudice with respect to this issue.

The Court of Appeals concluded in Parlor's direct appeal that sufficient evidence existed to support the application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement even if the CI's statements had not been considered. *Op.*, Crim. Dkt. 76, at 15, 17. This enhancement applies if the defendant "used or possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The panel explained that when a firearm is found "in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia, the § 2K2.1(b)(6)(B) enhancement necessarily applies because in that case the presence of the firearm has the potential of facilitating another felony offense." *Id.* at 14 (internal quotations omitted). The felony offense the panel referred to in its discussion was drug trafficking. *See id.* The panel determined that this Court did not abuse its discretion in finding that Parlor possessed a revolver in connection with drug trafficking because the revolver was found in close proximity to drug paraphernalia and 21.63 grams of marijuana. *Id.* at 5, 15. While the panel acknowledged that the amount of drugs was "not large," its presence, combined with dozens of plastic baggies, $5,000 in cash, and two scales, along with Parlor's status as a parolee for a drug trafficking conviction, provided sufficient evidence of drug trafficking to

support the enhancement.[2] *Id.* The panel further determined that the CI's statement regarding Parlor's involvement in drug trafficking, while corroborative, was not necessary for imposing the enhancement. *Id.* at 17. Accordingly, Parlor cannot show that he was prejudiced by Atkinson's failure anticipate that this Court might consider the CI's statement in imposing the § 2K2.1(b)(6)(B) enhancement.

### (b) Failure to object to the CI's statements as hearsay

Parlor claims that Atkinson rendered constitutionally deficient performance by failing to object to the CI's statements as hearsay. This Court disagrees. A district court "may consider a wide variety of information at sentencing that could not otherwise be considered at trial and is not bound by the rules of evidence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009).  This includes statements which would be defined as hearsay under those rules. *Id.*

---

[2] Parlor raises in his reply an additional ground for relief related to this issue. Civ. Dkt. 10 at 11. Citing the October 6, 2022, Presidential Proclamation in which President Biden issued pardons for federal convictions of marijuana possession, Parlor argues that the 21.63 grams of marijuana cannot stand as a basis for this enhancement because he believes it constitutes simple possession. *Id.* The application of § 2K2.1(b)(6)(B) was based on Parlor's possession of a firearm in connection with drug trafficking, not mere possession. *Sent. Tr.*, Crim. Dkt. 70, at 30. Drug trafficking can be proved when a person knowingly or intentionally distributes a controlled substance or possesses the same with the intent to distribute it. 18 U.S.C. § 841(a). The mass of a controlled substance that a defendant possesses informs the penalty associated with the offense. *See generally* 18 U.S.C. § 841. In other words, the relatively small amount of marijuana Parlor possessed could theoretically sustain a drug trafficking charge when considered with the other evidence in this case. Accordingly, the Proclamation does not apply.

Because Atkinson had no legal basis to raise a hearsay objection at sentencing, he did not perform deficiently for declining to do so.

> *(c) Failure to request an evidentiary hearing to challenge the CI's statements*

Parlor claims Atkinson's performance was deficient because he failed to request an evidentiary hearing to challenge the CI's statements. This Court considered holding an evidentiary hearing in light of Atkinson's objections to the PSR's factual findings, but ultimately deemed it "completely unnecessary." *Sent. Tr.*, Crim. Dkt. 70, at 27:17-19. Atkinson's objection to the CI's statements was deemed untimely; thus, he would have been precluded from challenging those statements at an evidentiary hearing. *Id.* at 27:20-24.

Even if Atkinson had timely objected, declining to request an evidentiary hearing would not entitle Parlor to relief in this motion. Parlor would have been required to show at an evidentiary hearing that the CI's statements were "false or unreliable." *Vanderwerfhorst*, 576 F.3d at 935. Information is "false or unreliable" if it is shown to lack "some minimal indicium of reliability beyond mere allegation." *Id.* at 936.

Such a hearing would have been worse than futile: challenging the evidence would have cost Parlor his three-point deduction for acceptance of responsibility if the Government prevailed, resulting in an even higher guideline range although

this would have been limited by the maximum term permitted by the statute; and the Court of Appeals has already determined that sufficient evidence supported the U.S.S.G. § 2K2.1(b)(6)(B) enhancement even if the CI's statements had not been considered. *Sent. Tr.*, Crim. Dkt. 70, at 15:8-12; *Op.*, Crim. Dkt. 76, at 15, 17. Thus, even if Atkinson performed deficiently by failing to file a timely objection specifically to the CI's statements, Parlor cannot show that this failure resulted in prejudice.

> ### (2) Failure to argue for the application of the clear and convincing evidence standard

Parlor also alleges that, because the aggregated enhancements more than doubled his Guidelines range, Atkinson should have argued that this Court apply the clear and convincing evidence standard to the facts at sentencing. The Court of Appeals has already considered and rejected this argument. *Op.*, Crim. Dkt. 76 at 18–20. The panel applied the plain error standard to Parlor's claim because he had not preserved the issue for appeal. *Id.* at 18. While the panel acknowledged that the clear and convincing evidence standard applies when a disputed enhancement has an "extremely disproportionate effect" on a sentence, it concluded that this Court did not plainly err in applying the preponderance of the evidence standard because Parlor only disputed the application of two of the three enhancements at the sentencing hearing, and that those two enhancements did not double what the

Guidelines range would have otherwise been. *Id.* at 19–20.

More importantly for the purposes of Parlor's § 2255 motion, the Court of Appeals concluded that even if this Court had erred in not applying the clear and convincing evidence standard, Parlor's substantial rights were not affected and the error was not prejudicial. *Id.* at 20. The Court explained that Parlor had failed to show that the evidence could not have been proved by the clear and convincing evidence standard. *Id.*

Accordingly, Atkinson's assistance was not ineffective for failing to argue for the application of the clear and convincing evidence standard because Parlor cannot show that this failure was prejudicial. *See Strickland*, 466 U.S. at 697 (a court need not analyze both deficient performance and prejudice in an ineffective assistance of counsel claim if either prong fails). Assuming without deciding that Atkinson performed deficiently by failing to make that argument, he did not render ineffective assistance because the outcome would not have differed had this Court applied the clear and convincing evidence standard.

### (3) Failure to request a downward variance based on mental health problems

Parlor claims that Atkinson failed to request a downward variance at sentencing based on Parlor's mental health problems. This claim is contradicted by the record. Atkinson noted in his sentencing memorandum that Parlor suffered

from numerous mental health illnesses and expressly requested a variance. *Parlor's Sent. Mem.*, Crim. Dkt. 55, at 2, 4. He also noted this fact for the Court at the sentencing hearing. *Sent. Tr.*, Crim. Dkt. 70, at 21, 22. He recommended a term of 40 months, or 60 months in the alternative.  *Id.* at 22:18–20.

### (4) Failure to object to factual findings in the PSR and other alleged misrepresentations of fact

Parlor claims that Atkinson failed to make a "'factual finding' objection to the PSR, versus declaring . . . that he'd be only objecting to 'legal conclusions' in the PSR'" and failed to object to "ALL of the Governments, the Court's, and the United States Probation Officer's misrepresentation of material facts and evidence in the case." *Pet.*, Civ. Dkt. 1 at 13.

This claim is largely contradicted by the record. First, Atkinson filed objections to the PSR. Crim. Dkt. 52. He argued that the PSR contained suppressible evidence which should not be considered, and that the three sentencing enhancements were either unsupported by relevant conduct, unproven by the reported evidence, or both. *Id.* Probation Officer Cruser declined to amend the PSR as requested. *PSR Add.*, Crim. Dkt. 53-1, at 2.

Parlor's second allegation is also contradicted by the record. While Atkinson initially objected only to the PSR's legal conclusions at the sentencing hearing, he changed his position once it became apparent that this Court was considering

applying the four-level U.S.S.G. § 2K2.1(b)(6)(B) enhancement based on evidence contained in the PSR that Parlor's possession of the firearms facilitated a drug transaction. *Sent. Tr.*, Crim. Dkt. 70, at 4:6-11, 10:3-11, 13:16-23.

Parlor's allegation that Atkinson performed deficiently for failing to object to "ALL" misrepresentations of fact by the Government, the Court, and the probation office is unclear, as it does not identify which facts were misrepresented and why Parlor believes this is so. As discussed above, Parlor was in peril of losing his three-point deduction for acceptance of responsibility if he unsuccessfully challenged the facts in the PSR during an evidentiary hearing. *Sent. Tr.*, Crim. Dkt. 70 at 15:8-12. Considering the heavy burden Atkinson would have been required to carry at such a hearing, the low probability of its success, and the near certainty of sacrificing three offense level points for acceptance of responsibility, Atkinson's decision not to challenge the facts underlying the enhancements was a sound strategic decision. *See Strickland*, 466 U.S. at 690; discussion *supra* Section 1.A.(1)(c).

### (5) Failure to argue that Parlor's arraignment was delayed

Parlor's final claim with respect to Atkinson is that he failed to argue that the arraignment in this case was delayed, which allegedly resulted in a sentencing enhancement. *Pet.*, Civ. Dkt. 1, at 13. His argument on this point is unclear.

Atkinson has interpreted this claim to mean that he allegedly failed to argue that Parlor's residence and storage unit were unlawfully searched while he was in ATF custody prior to his arraignment and that the products of those searches formed the basis for at least one sentencing enhancement. *Atkinson Decl.*, Civ. Dkt. 8-1, at 4.

Atkinson did challenge the reasonableness of the searches in this case in his objections to the PSR and argued that the evidence found therein should not be considered at sentencing. *Objs.*, Crim. Dkt. 52, at 2–7. The main thrust of his argument was that the ATF should have obtained a search warrant instead of waiting until after Parlor was arrested pursuant to his indictment in this case to conduct a warrantless search. *Id.* at 6–7. As discussed above, the PSR author rejected Atkinson's arguments. *PSR Add.*, Crim. Dkt. 53-1, at 2. Atkinson raised this argument again at the sentencing hearing and urged this Court to suppress the evidence obtained during the searches. *Sent. Tr.*, Crim. Dkt. 70, at 18–20. This Court declined, explaining that Parlor was subject to heightened search conditions as a result of being a parolee. *Id.* at 28. It further explained that even if Atkinson was correct that the evidence was unlawfully obtained, the point was immaterial because suppressible evidence may be considered by a district court at sentencing. *Id.* at 29.

Therefore, to the extent that Parlor's claim references a colorable argument,

that argument was already propounded by Atkinson at numerous points in the sentencing process. Atkinson's representation of Parlor in the district court was not constitutionally deficient.

### B. Claims against Durham

With respect to appellate counsel, Parlor claims that Durham "failed to raise the ground that the district court failed to appoint adequate representation, including investigators, at defendant's direct appeal" and failed to raise the plain error standard. *Pet.*, Civ. Dkt. 1, at 13.

Parlor's argument with respect to the first claim of ineffective assistance by Durham is unclear. In addressing this claim, Durham speculates that Parlor is alleging that he should have appealed this Court's denial of Atkinson's motion to withdraw. *Durham Decl.*, Civ. Dkt. 8-2, at 4. Durham explains that he considered this potential issue for appeal but rejected it after reviewing the record because he "believed it had little to no chance of success." *Id.* at 5. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690.

Indeed, this Court denied Atkinson's motion to withdraw because Atkinson was the third attorney who had been appointed to represent Parlor; the matter was set for sentencing after being continued three times at Parlor's request; and an

irreconcilable conflict was not evident.  *Mot. Hrg. Tr.*, Crim. Dkt. 68, at 3, 12. This Court advised Parlor that he would have to accept Atkinson's representation or represent himself.  *Id.* at 4. Considering that this Court has already determined that Atkinson's performance was not constitutionally deficient, it is unclear how Parlor believes his case was impacted by this Court's denial of Atkinson's motion to withdraw. Accordingly, Durham did not render ineffective assistance by electing not to argue on appeal that Atkinson should have been permitted to withdraw.

Finally, Parlor alleges Durham failed to raise "plain error" as a standard of review. Parlor is mistaken. Durham argued in his opening brief for the application of the plain error standard to this Court's use of the sentencing enhancements. *United States v. Parlor*, Appeal No. 19-30269, Dkt. 9 at 13. In his reply brief, Durham argued that the plain error standard applied to this Court's declination to apply the clear and convincing standard at sentencing. Appeal No. 19-30269, Dkt. 28 at 4. Parlor's appellate counsel was not constitutionally deficient.

**2. Claims Regarding This Court's Determinations at Sentencing and Application of the Sentencing Guidelines**

The Court of Appeals considered and rejected the majority of Parlor's remaining claims regarding this Court's application of the sentencing guidelines. *See* Crim. Dkt. 76. Claims previously raised on direct appeal "cannot be the basis of a § 2255 motion." *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985).

To the extent Parlor's claims regarding this Court's application of the sentencing guidelines and its decision against holding an evidentiary hearing were not raised on direct appeal, they are forfeited. A claim of error is procedurally barred when a defendant could have raised it on direct appeal but failed to do so. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *Id.* Before a Court may consider procedurally defaulted claims, the petitioner must show (1) cause to excuse his procedural default, and (2) actual prejudice resulted from the alleged error. *Id.* Parlor has not satisfied either of these conditions; he has not provided a reason regarding why he did not raise every alleged error regarding sentencing in his direct appeal, and he cannot establish prejudice because the Court of Appeals has already concluded that this Court correctly applied the sentencing guidelines.

## CONCLUSION

For the foregoing reasons, the § 2255 Motion will be denied.

## <u>Certificate of Appealability</u>

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a

movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack*, 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Parlor's claims to be debatable or deserving of further review. Accordingly, the Court will decline to issue a certificate of appealability.

If Parlor wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a certificate of appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

A separate judgment shall follow.

## ORDER

**IT IS ORDERED that:**

1. Parlor's Motion to Leave to File Out of Time Reply (Civ. Dkt. 9) is

   **GRANTED**;

2. Parlor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

   Sentence by a Person in Federal Custody (Civ. Dkt. 1, Crim. Dkt. 105) is

   **DENIED AND DISMISSED** in its entirety; and

3. no certificate of appealability shall issue.

DATED: December 4, 2023

B. Lynn Winmill
U.S. District Court Judge